UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES B. GOODMAN, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CASE NO. 4:16-CV-3232 |
| | § | |
| ASUS COMPUTER INTERNATIONAL, | § | |
| | § | |
| *Defendant*. | § | |
| | § | |

## REPORT AND RECOMMENDATION

Pending before the Court in this patent infringement suit are Defendant's Motion to Dismiss, ECF No. 10, and Motion for Sanctions, ECF No. 11. For the reasons given below, the Court **RECOMMENDS** that both motions be **DENIED**.[1]

## BACKGROUND

Plaintiff is the sole owner of United States Patent No. 6,243,315, titled "Computer Memory System with a Low Power Mode." ECF No. 1 ¶¶ 23–24. Defendant sells computer-related products, some of which incorporate memory products known in the computer industry by the designations DDR3, DDR3L, DDR4, and LPDDR4. *Id.* ¶ 9. Plaintiff's complaint provides substantial technical detail regarding those products, but for present purposes it is sufficient to note that, according to Plaintiff, all of the limitations contained in claim 1 of the patent-in-suit are also present in products Defendant sells. *Id.* ¶¶ 25–26. It is on that basis that Plaintiff seeks an injunction, damages, and other relief against Defendant for patent infringement under 35 U.S.C. §§ 271, 281. ECF No. 1 ¶ 3.

---

[1] United States District Judge Keith P. Ellison referred both motions for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). ECF No. 26.

1

## DEFENDANT'S MOTION TO DISMISS

Defendant moves for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiff's complaint is "facially implausible" and "fails to state a claim" upon which relief can be granted because Defendant is an express licensee of the patent-in-suit. ECF No. 10 at 1, 4. Specifically, Defendant asserts that Plaintiff granted licenses to the patent-in-suit to four companies—Hynix Semiconductor, Micron Technology, Nanya Technology, and Samsung Electronics Co.—that supply Defendant with the allegedly infringing memory products, and that the licenses expressly extend to Defendant as a "customer" of those companies. *Id.* at 3–7. Defendant attaches copies of the four license agreements to its motion. ECF Nos. 10-1, 10-2, 10-3, 10-4.

"A court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion." *Peacock v. AARP, Inc.*, 181 F. Supp. 3d 430, 434 (S.D. Tex. 2016) (Hanks, J.) (citing *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999)). Documents attached to a motion to dismiss may be considered part of the pleadings, but only if they are (1) "referenced by the complaint" and (2) "central to the claim." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010); *accord Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000). "A document is central to a claim when it is 'necessary to establish an element' of the claim." *Pylant v. Cuba*, No. 3:14-CV-0745-P, 2015 WL 12753669, at *2 (N.D. Tex. Mar. 6, 2015) (quoting *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011)); *accord Peacock*, 181 F. Supp. 3d at 434; *see Collins*, 224 F.3d at 498–99 (5th Cir. 2000) (explaining that courts may consider such documents because "[i]n so attaching, the defendant merely assists the plaintiff in establishing *the basis of the suit*, and the court in making the *elementary determination* of whether a claim has been stated" (emphases added)). If the

complaint "references a document that 'is merely evidence of an element' of a claim, the courts do not incorporate it into the pleading[s]." *Pylant*, 2015 WL 12753669, at *2.

Here, Plaintiff "references" the license agreements in his complaint when he alleges that he

> has granted limited, non-exclusive licenses to the following companies: Patriot Memory, LLC, **Nan Ya Technology Corporation USA**, ON Semiconductor Corporation, Intel Corporation, Numonyx B.V., Atmel Corporation, Spansion, Inc., **Hynix Semiconductor America Inc.**, NanoAmp Solutions, Inc., Integrated Silicon Solutions Inc., Fujitsu, **Samsung**, Sharp Electronics Corporation, Toshiba Corporation, Elpida, **Micron Technology, Inc.**, Infineon Technologies North America Corp, and Smart Modular Technologies Inc.

ECF No. 1 ¶ 21 (emphases added). The license agreements are not "central" to Plaintiff's claim, however, because they are not "necessary to establish" any of the essential elements of patent infringement; on the contrary, licenses to a patent provide an affirmative defense to a claim of infringement. *Carborundum Co. v. Molten Metal Equip. Innovations, Inc.*, 72 F.3d 872, 878 (Fed. Cir. 1995). Since they are not part of the pleadings, the Court cannot consider the license agreements in ruling on Defendant's motion to dismiss.

Dismissal under Rule 12(b)(6) based on an affirmative defense "should be granted only when 'the plaintiff's potential rejoinder to the affirmative defense [is] foreclosed by the allegations in the complaint.'" *Jaso v. The Coca Cola Co.*, 435 F. App'x 346, 352 (5th Cir. 2011) (per curiam) (unpublished opinion) (quoting *Goodman v. Praxair, Inc.*, 494 F.3d 458, 466 (4th Cir. 2007) (en banc)); *accord EPCO Carbon Dioxide Prods., Inc. v. JP Morgan Chase Bank, NA*, 467 F.3d 466, 469–71 (5th Cir. 2006). In this case, the complaint's allegation that Plaintiff granted "limited, non-exclusive licenses" to various companies does not foreclose Plaintiff's infringement claim. The complaint does not allege what the content of those licenses is, nor does it establish that Defendant is covered by any of those licenses.

The Court could *sua sponte* convert the motion to dismiss into one for summary judgment. *See* FED. R. CIV. P. 12(d). Doing so would permit consideration of the license agreements, as well as any additional summary judgment evidence the parties might choose to submit. Nonetheless, the Court finds that conversion would not serve to "'facilitate the disposition'" of this action to a substantial degree. *See Isquith v. Middle S. Utilities, Inc.*, 847 F.2d 186, 193 n.3 (5th Cir. 1988) (quoting 5C Charles Alan Wright et al., *Federal Practice & Procedure* § 1366). Plaintiff does not allege, and the license agreements do not establish, that any of the purportedly infringing products Defendant sells are supplied to it by the four companies referred to in the licenses. Even if Defendant provided evidence to that effect and Plaintiff was unable to controvert it, summary judgment would, at most, be warranted only insofar as Plaintiff's claims relate to those four particular suppliers; this action would remain pending because there may be other suppliers from which Defendant obtains the infringing products. Conversion is not appropriate in these circumstances. *See Isquith*, 847 F.2d at 193 n.3 (conversion is inappropriate where the extra-pleading material is "limited" and/or "incomplete").

Accordingly, the Court concludes that Defendant's motion to dismiss must be denied.

## DEFENDANT'S MOTION FOR SANCTIONS

Defendant also moves for an award of attorney's fees and costs as a Rule 11 sanction against Plaintiff. Specifically, Defendant argues that Plaintiff had full knowledge of the license agreements prior to filing this suit, thereby "render[ing] this lawsuit objectively unreasonable and baseless under Rule 11." ECF No. 11 at 1. As explained above, the license agreements are not properly before the Court at this stage, and even if they were, they would not support dismissing Plaintiff's complaint in its entirety. In this context, it cannot be said that Plaintiff's suit is "objectively unreasonable and baseless." The motion for sanctions should be denied.

## CONCLUSION

The Court **RECOMMENDS** that Defendant's Motion to Dismiss and Motion for Sanctions both be **DENIED**. The parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72. Failure to file timely objections may preclude appellate review of factual findings or legal conclusions, except for plain error. *Ortiz v. City of San Antonio Fire Dep't*, 806 F.3d 822, 825 (5th Cir. 2015).

Signed on May 30, 2017, at Houston, Texas.

*Dena Palermo*
**Dena Hanovice Palermo**
**United States Magistrate Judge**